IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE PULLIAM, on behalf of herself and all others similarly situated;<br><br>      Plaintiff,<br><br>  vs.<br><br>WEST TECHNOLOGY GROUP, LLC,<br><br>      Defendant. | 8:23CV159<br><br>ORDER |
| MARINA MAULDIN, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br>  vs.<br><br>WEST TECHNOLOGY GROUP, LLC,<br><br>      Defendant. | 8:23CV163<br><br>ORDER |
| NICOLE PETERSEN, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br>  vs.<br><br>WEST TECHNOLOGY GROUP, LLC,<br><br>      Defendant. | 4:23CV3072<br><br>ORDER |

      This matter is before the Court on Plaintiffs' Unopposed Motion for Appointment of Interim Co-Lead Counsel (Filing No. 10 in Case No. 8:23CV159). Plaintiffs move for the appointment of David K. Lietz of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of the Lyon Firm, and Mason A. Barney of Siri & Glimstad LLP as Interim Co-Lead Counsel.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.) "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the now-consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the brief and accompanying resumes, proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases. Proposed interim co-lead counsel were the first to file a case arising out of the data breach at issue in these cases, and have been involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of the motion for consolidation. The proposed interim co-lead counsel have also been in contact with defense counsel and begun a process of voluntary discovery that may result in early mediation. And, although there is no other counsel currently vying for appointment as interim lead counsel, and the proposed interim co-lead counsel already represent all the current plaintiffs in this consolidated action, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The data breach at issue in this case allegedly occurred between November 25, 2022, and December 1, 2022, and notice to affected individuals—of which there are over 100,000—began in April 17, 2023. Given the relatively recent notification of thousands of

affected individuals, it is reasonable to assume more lawsuits with similar or same claims arising out of the same data breach are forthcoming. For these reasons, the Court finds the appointment of the proposed interim co-lead counsel is appropriate under Federal Rule of Civil Procedure 23(g), and will grant their motion. Upon consideration,

**IT IS ORDERED**:

1. Plaintiffs' Unopposed Motion for Appointment of Interim Co-Lead Counsel (Filing No. 10 in Case No. 8:23CV159) is granted.
2. David K. Lietz of Milberg Coleman Bryson Phillips Grossman LLC, Joseph M. Lyon of the Lyon Firm, and Mason A. Barney of Siri & Glimstad LLP are appointed as Interim Co-Lead Class Counsel.

Dated this 31st day of May, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge